UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. MILES,<br><br>             Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>             Defendants. | No.  2:16-cv-1323 KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  Therefore, plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of

---

[1]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

1  plaintiff's prison trust account statement for the six-month period immediately preceding the
2  filing of this action.[2]
3       In accordance with the above, IT IS HEREBY ORDERED that:
4       1.  Plaintiff shall submit, within thirty days from the date of this order, an affidavit in
5  support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or
6  the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result
7  in a recommendation that this action be dismissed; and
8  ////
9  ////
10 ////
11

12 [2] Because it appears that plaintiff cannot allege an actual injury, plaintiff may choose to avoid incurring this filing fee by voluntarily dismissing this action and filing an action in a state court in
13 California.  Here, plaintiff alleges that the California Correctional Health Care Services
14 ("CCHCS") and California Department of Corrections and Rehabilitation breached the confidentiality of his medical records in violation of California Health and Safety Code
15 § 1280.15.  (ECF No. 1 at 3.)  Plaintiff claims that this breach placed him at extreme risk of identity theft.  (ECF No. 1 at 4.)  Plaintiff seeks monetary relief under California Civil Code
16 § 56.36 and Health and Safety Code § 1280.15.  (ECF No. 1 at 6.)  Plaintiff provided a May 16, 2016 letter from CCHCS informing plaintiff of a "potential breach" of his information on
17 February 25, 2016, when an unencrypted laptop was stolen from a CCHCS staff person's vehicle.  (ECF No. 1 at 7.)  Although not encrypted, the laptop was password protected.  (Id.)
18

19    Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies."  U.S. Const. art. III, § 2.  "'One element of the case-or-controversy requirement'
20 is that plaintiff [ ] 'must establish that [he has] standing to sue.'"  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818, 117
21 S. Ct. 2312 (1997)).  To satisfy Article III standing, plaintiff must have suffered an injury in fact
22 --  an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection
23 between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third
24 party not before the court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).
25

26    Here, the letter provided by plaintiff demonstrates only a "potential" breach; the laptop was secured by a password, and plaintiff alleges no actual misuse of his personal information
27 stemming from the theft.  Indeed, plaintiff states that he is "at risk" of injury.  Moreover, the damages plaintiff seeks are available to him under state law.  Unless plaintiff can allege actual
28 injury, the court cannot exercise supplemental jurisdiction over any state law claims.

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

Dated: June 21, 2016

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mile1323.3a

3