UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT F. MILES,

   Plaintiff,

  v.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES,

   Defendant.

No. 2:16-cv-1323 KJN P

ORDER

  Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff was directed to pay the court's filing fee or request leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsequently, plaintiff filed an application to proceed in forma pauperis, an amended complaint, and a declaration with exhibits. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

I. Application to Proceed in Forma Pauperis

  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned summarily dismisses the complaint.

////

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Amended Complaint

Plaintiff alleges that the California Correctional Health Care Services ("CCHCS") violated plaintiff's equal protection rights and discriminated against him, and also violated California laws and regulations,[1] by conspiring to violate the confidentiality and integrity of electronic medical, mental health, and custodial records by the use of unencrypted laptops. Plaintiff alleges that his action goes beyond negligence "because it shows a deliberate willingness to break the law" and to violate his constitutional rights. (ECF No. 6 at 3.) Plaintiff claims he was injured when the unencrypted laptop was stolen from a personal vehicle, causing an illegal disclosure and a loss of integrity of his confidential information. Attached to his pleading is a letter from CCHCS notifying plaintiff of this "potential breach." (EC F No. 6 at 7.) The letter states that it is unknown if "any sensitive information was contained in the laptop" and that the laptop was password protected. Plaintiff asserts violation of his Fourteenth Amendment right to equal protection and due process, and his Fourth Amendment right of the people to be secure in their person, papers, and information. He seeks money damages as relief.

On November 28, 2016, plaintiff filed a declaration with attached exhibits in support of his pleading. (ECF No. 7.) Plaintiff claims that he is suing Dr. Matolon and other, yet to be discovered individuals, based on their conspiracy to interfere with plaintiff's civil rights. Plaintiff argues that he has standing because the stolen laptop was not supposed to have confidential information because the information was to be expunged before Dr. Matolon received the laptop. (ECF No. 7 at 3, citing ECF No. 7 at 10-12.) Plaintiff argues that under California regulations all laptops are to be encrypted. (ECF No. 7 at 3.)

IV. Named Defendant

Plaintiff failed to name a proper defendant. State agencies, such as the CCHCS, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police,

---

[1] Plaintiff does not plead state law claims as a separate cause of action, but rather relies on state laws and regulations within his claims alleging constitutional violations.

1    491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)

2    (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive

3    relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v.

4    Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies);

5    see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar

6    suits against state officials sued in their individual capacities, nor does it bar suits for prospective

7    injunctive relief against state officials sued in their official capacities).

8        However, assuming that plaintiff could substitute appropriate individuals as defendants,[2]

9    the speculative allegations of the pleading still fail to establish that plaintiff has standing because

10   he cannot show an injury-in-fact.

11   V.  Standing

12       Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and

13   "Controversies." U.S. Const. art. III, § 2.  "'One element of the case-or-controversy requirement'

14   is that plaintiff [ ] 'must establish that [he has] standing to sue.'" Clapper v. Amnesty Int'l USA,

15   133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)).  To satisfy

16   Article III standing, plaintiff must have suffered an injury in fact -- an invasion of a legally

17   protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

18   conjectural or hypothetical.  Second, there must be a causal connection between the injury and the

19   conduct complained of -- the injury has to be fairly traceable to the challenged action of the

20   defendant, and not the result of the independent action of some third party not before the court.

21   Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation

22   marks, brackets and ellipses omitted).

23       "HIPAA[3] itself does not provide for a private right of action." Webb v. Smart Document

24   Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually

25   ////

---

[2] Plaintiff included Dr. Matolon as a defendant in the caption of plaintiff's declaration.  However, Dr. Matolon is not named as a defendant in the amended complaint.

[3] Health Insurance Portability and Accountability Act of 1996.

1  Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at
2  45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

3        While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).  Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown.  (ECF No. 6 at 7.)  In other words, whether plaintiff's sensitive information has been compromised is unknown.  Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information.[4]  Thus, his claim for violation of his constitutional right to informational privacy is dismissed without prejudice for lack of standing.  See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

VI.  Potential State Law Claims

      Plaintiff asserts that under California Code of Regulations, Title 11, Section 999.129, all laptops are to be encrypted.  However, any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law is not sufficient to state a claim for relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal Constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); Galen v. County of

---

[4] Plaintiff also speculates that the stolen laptop contained visitor information that included names, addresses, and social security numbers of his visitors.  (ECF No. 6 at 4.)  However, plaintiff does not have standing to raise claims on behalf of third parties.

5

Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Here, because plaintiff lacks standing to pursue his federal claims, this court declines to exercise supplemental jurisdiction over any putative state law claim.[5] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

VII. No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (*en banc*). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff lacks standing to bring his federal claims, and that amendment would be futile because the notification on which plaintiff's allegations are based establishes only speculative injury that is not real or immediate. Because plaintiff lacks standing to pursue his federal claims, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, and should dismiss the complaint without prejudice. Therefore, the court dismisses the complaint without prejudice.

////

---

[5] The court takes no position on whether plaintiff would be able to successfully pursue his claims in state court.

VII. Conclusion

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's request to proceed in forma pauperis is granted; and

    2. This action is dismissed without prejudice.

Dated: December 5, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mile1323.dis