UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. MILES,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES,<br><br>    Defendant. | No. 2:16-cv-1323 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On December 5, 2016, this action was dismissed without prejudice based on plaintiff's failure to demonstrate standing to sue in federal court. In response, plaintiff filed a document styled, "Objections to Magistrate Judge's Findings and Recommendations," and provided numerous exhibits. The undersigned construes plaintiff's objections as a request for reconsideration of this court's December 5, 2016 order.

Legal Standards

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party

seeking reconsideration of a court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted).

Discussion

In the objections, plaintiff reiterates his claim that prison officials' failure to encrypt the information on the stolen laptop violates various prison regulations and state laws. However, as the court previously explained, any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law is not sufficient to state a claim for relief under § 1983. (ECF No. 8 at 5.) Absent a cognizable civil rights claim, the court declines to exercise supplemental jurisdiction over any putative state law claim. (ECF No. 8 at 6.)

Plaintiff also claims that it was his intention to name individuals as defendants rather than the state agencies named in his pleading, and also claims he was not required to exhaust administrative remedies. However, the instant action was not dismissed based on an alleged failure to exhaust administrative remedies. Moreover, while the undersigned found plaintiff named improper defendants, the court noted that even assuming plaintiff could substitute appropriate individuals as defendants, "the speculative allegations of the pleading still fail to establish that plaintiff has standing because he cannot show an injury-in-fact." (ECF No. 8 at 4.)

Plaintiff's objections again fail to demonstrate plaintiff suffered an actual injury sufficient to provide plaintiff standing. Because it is unknown whether plaintiff's sensitive information was compromised, he cannot state a claim for relief based on such "speculative breach of his sensitive information." (ECF No. 8 at 5.) Therefore, plaintiff fails to demonstrate that he is entitled to reconsideration of the December 5, 2016 order.

////

////

////

2

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 10) are construed as a motion for reconsideration; and
2. Plaintiff's motion (ECF No. 10) is denied.

Dated: June 16, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mile1323.rec